UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CCA GLOBAL PARTNERS, INC., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:05CV259 JCH |
| YATES CARPET, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Yates Carpet, Inc.'s ("Yates") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Alternative Motion to Transfer Venue, (Doc. No. 7) and also Defendant Yates' Motion for a More Definite Statement (Doc. No. 9). The matters are fully briefed and ready for disposition.

**BACKGROUND**

Defendant Yates is a Lubbock, Texas carpet retailer. Plaintiff CCA maintains a cooperative through which members are referred business and allowed to use Plaintiffs' Registered Marks, in exchange for membership fees and other agreements. CCA alleges that Yates breached the Member Agreement by doing business with another nationwide network and improperly using Plaintiffs' Registered Marks.

Plaintiffs CCA Global Partners, Inc., FA Cooperative, Inc., and FA Management Enterprises, Inc. (hereinafter collectively "CCA") filed their Complaint in this Court on February 8, 2005. (Doc.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

No. 1). The Complaint alleges trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and state law claims for breach of contract, fraud, and unjust enrichment. Defendant Yates brought the Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Alternative Motion to Transfer Venue, and the Motion for a More Definite Statement on March 10, 2005.

## DISCUSSION

I. **Personal Jurisdiction**

A federal court engages in a two-step inquiry to determine whether it may exercise jurisdiction over a non-resident defendant. First, the court must determine whether the defendant committed one of the acts enumerated in the state long-arm statute. Angelica Corp. v. Gallery Mfg. Corp., 904 F.Supp. 993, 996 (E.D.Mo. 1995). If so, then the court must determine "whether the exercise of personal jurisdiction over [the] defendant comports with the Due Process Clause of the Fourteenth Amendment." Id.. In the context of a motion to dismiss, this Court has held as follows:

> The party invoking jurisdiction of a federal court bears the burden to show that jurisdiction exists. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff is only required to make a prima facie showing of personal jurisdiction over the defendant. If the district court relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the party invoking personal jurisdiction, and resolve all factual conflicts in favor of that party.

Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp. 2d 951, 955 (E.D. Mo. 2001) (internal citations omitted).

A. *Missouri Long-Arm Statute*

Missouri's long-arm statute provides in relevant part as follows:

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;....

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo. Rev. Stat. § 506.500. The Eighth Circuit has stated that "[n]onresidents are subject to personal jurisdiction to the extent that state law allows." Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001). "Missouri liberally construes the provisions of its long-arm statute in order to exercise its jurisdiction to the fullest extent permitted by the Due Process Clause, within the specific categories enumerated in the statute." City Merchandise, 176 F.Supp. 2d at 955 (internal quotations omitted); see also Institutional Food Mktg. Assoc., Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 453 (8th Cir. 1984); Peabody Holding Co., Inc. v. Costain Group PLC, 808 F.Supp. 1425, 1432 (E.D.Mo. 1992) ("The legislature, in enacting this statute, sought to extend the jurisdiction of Missouri courts to numerous classes of out-of-state defendants who could not have been sued in Missouri under the preexisting law.").

In response to Yates' Motion to Dismiss, CCA asserts that Missouri's long-arm statute permits personal jurisdiction over Yates, as the facts alleged demonstrate that Yates transacted business in the state. (Plaintiffs' Response to Defendant's Motion to Dismiss, at 4-6). Viewing the facts in the light most favorable to CCA, the Court agrees that with its allegations, CCA successfully makes a *prima*

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*facie* showing that Yates transacted business within the State of Missouri, thereby meeting the requirements for jurisdiction under the state long-arm statute.

"For the purposes of the statute, the 'transaction of any business' is construed broadly." State ex rel. Nixon v. Beer Nuts, Ltd., 29 S.W.3d 828, 834 (Mo. Ct. App. 2000). Here, Yates was a member of a cooperative organization that was based in Missouri. Yates paid $299 per month as a membership fee, whether or not it accepted job orders through the program. (Complaint, attached exh. 1 at 4). Throughout its membership, Yates received over one hundred forty job orders from CCA. (Affidavit of Robert Wilson, Doc. No. 13 attached exh. B, ¶ 10). Yates also sent two representatives to Missouri for a two day training. (Id. ¶ 11). Yates thus has sufficient contacts with Missouri to justify the exercise of jurisdiction in this Court under the Missouri long-arm statute.[1]

B.  *Constitutional Due Process*

Having met the requirements of the long-arm statute, the discussion now turns to whether Yates' contacts with the forum comport with the dictates of constitutional due process. All Sports Arena Amusement, 244 F.Supp. 2d at 1019. The Eighth Circuit has held as follows:

> In a series of cases following *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court has elucidated the "minimum contacts" standard that must be satisfied before a nonresident can be subjected to the jurisdiction of a state's courts. Due process requires that out-of-state defendants have fair warning that they could be haled into court in a foreign jurisdiction. This requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum…and the litigation results from alleged injuries that arise out of or relate to those activities.

---

[1] Because the Court has determined that Yates had sufficient contacts with Missouri under the transaction of business prong of the long-arm statute, it need not consider whether Yates entered into a contract in Missouri or committed a tortious act within the state. Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc., 244 F.Supp. 2d 1015, 1019 n. 3 (E.D. Mo. 2002).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> The contacts with the forum state must be more than random, fortuitous, or attenuated. The due process clause forecloses personal jurisdiction unless the actions of the defendant himself....create[d] a substantial connection with the forum State. Once the court has found that the defendant purposefully established the requisite minimum contacts with the forum state, the court still must determine whether the assertion of jurisdiction comports with fair play and substantial justice.

Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1389 (8th Cir. 1991) (internal quotations and citations omitted).

In this circuit, the due process standard has been expressed as a consideration of five factors: "1) the nature and quality of contacts with the forum state, 2) the quantity of such contacts, 3) the relation of the cause of action to the contacts, 4) the interest of the forum state in providing a forum for its residents, and 5) the convenience of the parties." All Sports Arena Amusement, 244 F.Supp. 2d at 1020 (citation omitted). See also BIB Mfg. Co. v. Dover Mfg. Co., 804 F.Supp. 1129, 1132 (E.D. Mo. 1992). The first three factors are primary considerations, while the latter two are secondary. Aylward v. Fleet Bank, 122 F.3d 616, 618 (8th Cir. 1997).

In the instant case, the parties dispute whether the nature, quality and quantity of Yates' contacts with Missouri are significant. Yates asserts that it never transacted business in Missouri, that the Member Agreement was not executed in Missouri, and that the Missouri forum selection clause originally in the Member Agreement was expressly eliminated by Addendum. CCA argues in its reply that Yates' numerous business transactions with CCA in Missouri provide sufficient contacts to comply with due process. Upon consideration of the foregoing, the Court finds that, viewing the allegations in the light most favorable to CCA, the nature, quality, and quantity of Yates' contacts with Missouri were strong enough to satisfy due process requirements. Over a period of nearly four years, Yates chose to be a dues paying member of CCA, received over a hundred and forty job orders

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

through CCA, had representatives visit St. Louis for a CCA training, and accessed CCA's members only support and training website over a hundred times.

With respect to the secondary consideration of the forum's interest in the litigation, Missouri has a significant interest in providing a forum for its resident, CCA. Angelica, 904 F.Supp. at 997. Finally, while it may be more convenient for Yates to litigate this claim outside of Missouri, it does not appear to violate its due process rights to subject it to Missouri's jurisdiction. See Angelica, 904 F.Supp. at 997-98 ("However, there is no showing that any inconvenience to the defendant outweighs the other factors which cut in favor of specific personal jurisdiction in this case.").

In light of the foregoing, the Court finds that Yates "purposely availed itself of the privilege of conducting activity within Missouri," Angelica, 904 F.Supp. at 997 (internal quotations omitted), so that the assertion of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice. Dakota, 946 F.2d at 1389.

The Motion to Dismiss for lack of Personal Jurisdiction is denied.

II. **Venue**

The Eighth Circuit has held that for violations of the Lanham Act, venue is appropriate where the defendant's alleged action occurred, not where the plaintiff allegedly incurred harm. Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). The relevant facts in Woodke are almost analogous to those in the instant case. The Plaintiff in Woodke brought a suit alleging violations of the Lanham Act and related state claims in the Northern District of Iowa, where Plaintiff resided. All of the alleged infringing activity, however, took place in Florida. The District Court held, and the Eighth Circuit affirmed, that for violations of the Lanham Act, venue is only proper in the district where the harmful

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

actions took place. Id., Woodke v. Dahm, 873 F.Supp. 179, 196-200 (N.D. Iowa 1995). In the instant case, all of the alleged harmful actions occurred in the Northern District of Texas. This case could only be brought in the Northern District of Texas, and venue is improper in the Eastern District of Missouri.[2]

28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another district. This provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. This Court finds that it is in the interest of justice to transfer this case to the Northern District of Texas.

Defendants' Motion for Transfer of Venue will therefore be granted.

III. **Motion for a More Definite Statement**

In its Motion for a More Definite Statement, Yates asserts that Count I of the Complaint is vague and ambiguous as to the specific acts committed in violation of 15 U.S.C. § 1051, the dates that these acts were committed, and the members of the public that were deceived. (Defendant's Motion for a More Definite Statement, Doc. No. 9, ¶ 3). Yates thus maintains that CCA's Complaint is so vague and ambiguous, Yates cannot reasonably be required to frame a responsive pleading. (Id. at ¶ 4).

As to the dates of the alleged infringing activity, CCA points out in its reply that the

---

[2] Because the other claims are all under state law, jurisdiction in this case in founded on a federal question of trademark infringement and unfair competition, so the only "question here is whether venue is proper . . . for the *federal* claim at issue." Woodke, 873 F.Supp. at 197 (emphasis in original).

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Complaint alleges the infringing activity began in December, 2000. As to the specific acts and the members of the public, this Court does not find the Complaint to be vague or ambiguous.

Defendant's Motion for a More Definite Statement is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Transfer of Venue (Doc. No. 7) is **GRANTED**, and Cause No. 4:05CV259 JCH is **TRANSFERRED** to the United States District Court for the Northern District of Texas for further proceedings.

**IT IS FURTHER ORDERED** that Defendant's Motion for a More Definite Statement (Doc. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that all other outstanding motions are **DENIED** as moot.

Dated this 28th day of September, 2005.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com